UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | Case No. 1:03-cr-30 |
| v. | ) | Honorable David W. McKeague |
| WILLIAM RICHARD HART, Defendant. | ) | **REPORT AND RECOMMENDATION** |

This is a proceeding brought by a federal prisoner to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant is serving a sentence of 78 months' imprisonment, imposed by United States District Judge David W. McKeague on June 30, 2003, after defendant entered a plea of guilty to possession of a firearm by a convicted felon. 18 U.S.C. § 922(g)(1). Defendant appealed his sentence, which was affirmed by the Sixth Circuit Court of Appeals by order entered June 22, 2004. *United States v. William Richard Hart*, No. 03-1879, 2004 WL 1491614 (6th Cir. June 22, 2004).

Defendant's *pro se* motion under section 2255 raises two grounds for relief. First, defendant asserts that his appellate counsel was ineffective in failing to communicate with him adequately, resulting in counsel's failure to raise a meritorious issue in the direct appeal. The allegedly meritorious issue was the court's attribution to defendant of three firearms for purposes of sentencing under U.S.S.G. § 2K2.1, while the indictment alleged only a single firearm. Second,

defendant raises sentencing error arising from the same alleged guideline miscalculation concerning the number of firearms possessed.

Promptly after the filing of a section 2255 motion, the court must undertake a preliminary review of the motion to determine whether "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." Rule 4(b), RULES GOVERNING § 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS. If the movant is not entitled to relief, the court "shall make an order for its summary dismissal." *Id.* Dismissal without a hearing is appropriate if the defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). This section 2255 proceeding has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 10 of the Rules Governing Section 2255 Proceedings in the District Courts. Upon review of the record, I conclude that the petition is meritless and recommend that it be denied.

## Proposed Findings of Fact

The investigation that led up to the bringing of federal charges against defendant began on December 4, 2002, when a manager at a Wendy's restaurant in Grand Rapids, Michigan, reported to the Grand Rapids Police Department that she had been threatened by defendant after she had informed him that his employment with Wendy's was being terminated. The manager said that defendant threatened to return with a machine gun. Further investigation indicated that a co-worker had seen defendant carrying firearms. A police check of records discovered that defendant had

several felony convictions. This and other information led to the issuance of a state search warrant for defendant's residence. Officers found a loaded .22 caliber revolver, a .410 gauge shotgun and a .20 gauge shotgun, along with a number of pellet guns and BB guns. A federal grand jury returned an indictment on February 5, 2003, charging defendant with knowingly possessing an Imperial Metal Products .22 caliber revolver in and affecting commerce, at a time when he had previously been convicted of felonies under Michigan and Colorado law. (Indictment, docket # 1).

On March 27, 2003, defendant and his appointed counsel, Helen Nieuwenhuis, appeared before Judge David W. McKeague for entry of a guilty plea to the charge in the indictment, pursuant to a written plea agreement. In the plea agreement, defendant acknowledged that he knowingly possessed a .22 caliber revolver on or about December 5, 2002, in and affecting commerce, and that he had previously been convicted of at least one felony. (docket # 14, ¶ 2). During the plea colloquy, the Assistant United States Attorney indicated that the government was prepared to prove that the state search warrant executed at defendant's home uncovered a .22 caliber weapon "along with a couple shotguns." (*See* Plea Transcript, docket # 24, at 12). In response to the court's questions, defendant testified under oath that the gun belonged to his mother, who had received it from his grandfather. (*Id.*, 12-13). "My grandpa's house was broken into previously, she removed the handgun and the shotguns as a matter of caution, and they were at the house." (*Id.*, 13). Defendant admitted possessing both the .22 revolver and the shotguns: "I just looked at it, looked at the serial number, kind of worked the action to see if it was a working gun, cross-referenced it on the Internet, and found that it had no real significant value, and the shotguns as well. They were not of any significant value." (*Id.*, 13-14). Defendant also admitted his status as a convicted felon and

admitted to making a "offbeat comment" to his supervisor at Wendy's concerning a machine gun. (*Id.*, 14-15). Judge McKeague accepted the guilty plea.

United States Probation Officer John Hyink submitted a presentence investigation report (PSIR) under revised date June 4, 2003. The PSIR reported the seizure of the .22 handgun and two shotguns by Grand Rapids police officers pursuant to warrant (¶ 11) and reported defendant's admission to the probation officer that "he handled these firearms when he was attempting to determine their value." (¶ 25). On the basis of the facts set forth in the PSIR, the probation officer calculated a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A), because the underlying felony was home invasion, a crime of violence.[1] (¶ 27). The PSIR increased the offense level by two pursuant to U.S.S.G. § 2K2.1(b)(1)(A), because the offense involved three firearms. (¶ 28). This rendered an adjusted offense level of 22, from which the PSIR deducted three points for timely acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), (b). (¶¶ 33-34). This rendered a total offense level of 19. The PSIR contained an eight-page criminal history, with adult convictions beginning in 1985. Defendant's felony convictions included second-degree forgery, attempted theft, unlawful driving away of an automobile, and second-degree home invasion. The PSIR calculated total criminal history points at 15, establishing a criminal history category of VI. (¶ 50). The guideline range for this offense was 63-to-78 months' imprisonment. (¶ 109).

Attorney Nieuwenhuis asserted objections to the PSIR, two of which remained unresolved at the time of sentencing. The first objection, concerning defendant's use of aliases, was immaterial to Guidelines sentencing. The second objection involved calculation of the base offense level. Counsel asserted that defendant's conviction in the Kent County Circuit Court for second-

[1] All references are to the April 30, 2003, edition of the Guidelines Manual.

degree home invasion in 1997 (one of the felonies underlying the instant offense) was not a crime of violence for purposes of U.S.S.G. § 2K2.1(a)(4)(A). Counsel argued that the offense involved a theft from a garage, rather than an occupied dwelling, and therefore was not a crime of violence. *See* U.S.S.G. § 4B1.2(a)(2) (crime of violence includes burglary of a dwelling).

The parties appeared before Judge McKeague on June 30, 2003, for sentencing. (*See* Transcript, docket # 25). The court overruled defendant's objection concerning calculation of the base offense level, finding that the underlying conviction for second-degree home invasion involved burglary from an attached garage, part of the curtilage of a dwelling, and therefore constituted a crime of violence. The court found the base offense level under U.S.S.G. § 2K2.1(a)(4)(A) was properly scored at 20. (Transcript, 4-9). The court also assessed a two-level increase under U.S.S.G. § 2K2.1(b)(1)(A), arising from defendant's possession of three firearms (the .22 caliber pistol and two shotguns). (*Id.*, 10). Defense counsel did not object. On motion of the government, the court granted defendant a three-point reduction in the guideline calculation for acceptance of responsibility. (*Id.*, 10-11). After hearing allocution, the court sentenced defendant to 78 months' imprisonment, at the top of the guideline range.

Defendant, represented by Ms. Nieuwenhuis, pursued a direct appeal. The only issue raised on appeal was that "the district court miscalculated his sentencing guidelines range because his prior felony conviction for home invasion in the second degree does not constitute a crime of violence under the guidelines." (Op., 1). Relying on the Michigan statutory definition of second-degree home invasion, the Court of Appeals found that the crime "plainly is a burglary" and therefore constitutes a crime of violence for purposes of the sentencing guidelines. (Op., 2). The

Court of Appeals issued its order affirming defendant's sentence on June 22, 2004. Defendant did not seek *certiorari*.

On April 11, 2005, defendant filed his *pro se* motion pursuant to 28 U.S.C. § 2255. Defendant's motion claims ineffective assistance of counsel, for counsel's failure to challenge on direct appeal the sentencing court's consideration of defendant's possession of three firearms, rather than the single firearm named in the indictment. Second, defendant brings a direct challenge to his sentence on the basis of the same alleged error.

## **Discussion**

### I. Ineffective Assistance of Appellate Counsel

Defendant's first claim for relief asserts ineffective assistance of appellate counsel. Defendant alleges that his counsel failed to communicate with him adequately during the appellate process, resulting in her failure to assert sentencing error arising from miscalculation of the Guidelines. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To obtain reversal of the conviction, a petitioner must prove both that counsel's performance fell below an objective standard of reasonableness, and that a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different. Under *Strickland*, there is a "strong presumption" that counsel's performance and strategy fell within the wide range of reasonable professional assistance. 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made 'to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Ballard v. United*

*States*, 400 F.3d 404, 407 (6th Cir. 2005). Claims of ineffective assistance of appellate counsel are measured under the *Strickland* standard. *See Evitts v. Lucy*, 469 U.S. 387 (1985). Tactical choices regarding issues on appeal are properly left to the sound judgment of counsel. *See United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). To provide effective assistance, counsel need not raise every nonfrivolous claim on direct appeal. *Ballard*, 400 F.3d at 407; *Williams v. Bagley*, 380 F.3d 932, 970 (6th Cir. 2004), *petition for cert. filed* (U.S. Feb. 18, 2005) (No. 04-8810). "'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. at 751-52)). Where appellate counsel is charged with ineffectiveness for failure to raise a particular claim, "it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). To overcome the presumption of competence of appellate counsel in these circumstances, a petitioner must show that the omitted issues were "clearly stronger" than those counsel chose to assert. *Id.* (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)); *see also Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Consequently, even if the unasserted claim was not frivolous, "the required prejudice cannot be shown if the claim is found to lack merit." *Burton v. Renico*, 391 F.3d 764, 773 (6th Cir. 2004).

In the present case, the omitted appellate issue was not meritorious. Defendant asserts that his sentence should have been based only on the .22 caliber revolver named in the indictment, and not on the two shotguns also found by police, which defendant admittedly possessed. Defendant's argument completely misapprehends the operation of the federal sentencing guidelines. Guideline section 2K.2.1(b)(1) specifically directed the sentencing court to count the firearms involved in "the offense." The Guidelines define "the offense" to mean "the offense of conviction

and all relevant conduct under section 1B1.3." U.S.S.G. § 1B1.1 (application note 1(1)). U.S.S.G. § 1B1.3 includes as relevant conduct all acts and omissions committed by the defendant that occurred during the commission of the offense of conviction. As the Guideline commentary notes, the "principles and limits of sentencing accountability under this Guideline are not always the same as the principles and limits of criminal liability." U.S.S.G. § 1B1.3, application note 1. Consequently, the sentence under the Guidelines is based upon the "offense conduct," and not merely the facts alleged in the indictment. Therefore, for purposes of calculating the number of firearms attributable to a defendant in a firearms case, the court is to count as relevant conduct "those firearms that were unlawfully sought to be obtained, unlawfully possessed, or unlawfully distributed." U.S.S.G. § 2K2.1, application note 9.

These Guidelines provisions make it apparent that defendant could not have prevailed on appeal on the contention that the guideline calculation was limited to the one firearm named in the indictment. Under the concept of "relevant conduct," the court was required to take into consideration all firearms illegally possessed by defendant during the commission of the offense of conviction. The firearms must be related to those charged in the indictment, "but need not be specified in the count of conviction, in order to be considered part of the relevant conduct." *United States v. Settle*, 394 F.3d 422, 435 (6th Cir. 2005) (citing *United States v. Gonzalez*, 996 F.2d 88, 92 n.6 (5th Cir. 1993)). The federal appellate courts routinely uphold guideline sentences in firearms cases that are based on the total number of guns illegally possessed by defendant, whether or not alleged in the indictment. *See, e.g., United States v. Jarman*, 144 F.3d 912, 915-16 (6th Cir. 1998) (upholding enhancement under U.S.S.G. § 2K2.1(b)(1)(B) for possession of three firearms found in

defendant's home, even though indictment and plea charged only unlawful possession of a machine gun).

In the present case, defendant admitted under oath, at the time of the plea hearing, that he possessed two shotguns in addition to the .22 caliber pistol alleged in the indictment. He admitted the same fact to the probation officer. Consequently, there was more than an adequate factual basis for a finding that defendant possessed three firearms, thus justifying a two-level enhancement under U.S.S.G. § 2K2.1(b)(1)(B). Any appeal of this issue would have been frivolous. Counsel's failure to raise such a meritless argument on appeal cannot be deemed either unreasonable or prejudicial. *See Burton*, 391 F.3d at 773. Defendant's claim of ineffective assistance of appellate counsel must therefore be rejected.[2]

**II. Sentencing Error**

As an independent ground for section 2255 relief, defendant asserts that the trial court erred in sentencing him on the basis of three firearms, rather than the single firearm named in the indictment. This argument is unavailing, on two separate grounds. First, when a defendant seeks section 2255 relief for an alleged violation of a federal statute or sentencing guideline, the record must reflect an error of constitutional dimension, such as a fundamental defect in the proceedings that inherently results in a miscarriage of justice or an omission inconsistent with the rudimentary

[2] After the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), it is arguable that the determination of the number of guns possessed must be made by a jury. At the time defendant's conviction became final, however, the law was to the contrary. *See United States v. Koch*, 383 F.3d 436 (6th Cir. 2004) (*en banc*). Defendant's trial and appellate counsel was not ineffective for failure to anticipate *Booker*. *Lott v. Coyle*, 261 F.3d 594, 609 (6th Cir. 2001). Furthermore, *Booker* does not apply retroactively, so defendant may not rely on it in an effort to upset his sentence. *See Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005).

demands of fair procedure. *See Reed v. Farley*, 512 U.S. 339, 348 (1994); *Nagi v. United States*, 90 F.3d 130, 133-34 (6th Cir. 1996). Ordinary guideline error, such as that alleged by defendant, does not warrant section 2255 review, but must be raised on direct appeal. *See Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). Under these authorities, defendant's allegation of sentencing error is not cognizable on collateral review. Second and independent, defendant's assertion is patently meritless. As discussed in part I above, the sentence was correct under the Guidelines, which require the court to take into account all guns illegally possessed by the defendant at the time of the offense.

## Recommended Disposition

For the foregoing reasons, I conclude that those grounds raised by defendant are meritless and recommend that his motion under 28 U.S.C. § 2255 be summarily dismissed under Rule 4.

Dated: April 20, 2005

/s/ Joseph G. Scoville
United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).